UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

DOCKET NO. 3:15-MJ-282

| | |
|---|---|
| IN RE ALL ASSETS IN E*TRADE ) | |
| ACCOUNT *3827, SUCH ACCOUNT ) | **TEMPORARY** |
| HELD IN THE NAME OF DIRECT ) | **RESTRAINING ORDER** |
| PROCESSING LLC. ) | |

FILED
CHARLOTTE, NC
AUG 0 5 2015
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

   **THIS MATTER** is before the Court on the Government's Application for Temporary Restraining Order.

   **THIS COURT FINDS AS FOLLOWS:** In an Application for Temporary Restraining Order and Affidavit, the Government has established probable cause that all assets in E*Trade Account *3827, such account held in the name of Direct Processing LLC, constitute or are derived from proceeds of wire fraud and conspiracy in violation of 18 U.S.C. §§ 1343 and 371 , and constitute property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957, and, therefore, are subject to civil and criminal forfeiture under 18 U.S.C. § 981(a)(1)(A) and (C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).   Further, in the Application and Affidavit, the Government has established, for purposes of 21 U.S.C. § 853(e)(2) and 18 U.S.C. § 983(j)(3), that prior notice to persons appearing to have an interest in the property will jeopardize the availability of the property for forfeiture.   Based on the Application and Affidavit, the Government has satisfied the requirements of 21 U.S.C. § 853(e)(2) and 18 U.S.C. § 983(j)(3) for purposes of obtaining a Temporary Restraining Order.

   **IT IS THEREFORE ORDERED THAT**, pending further order of this Court, Direct Processing LLC, and the agents, servants, employees, attorneys, and those persons in active concert or participation with Direct Processing; E*Trade; and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby **RESTRAINED, ENJOINED, AND PROHIBITED** from attempting or completing any action that would affect the availability, marketability or value of the property in the above identified account, including but not limited to liquidating, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of the property in the above identified account.

   **IT IS FURTHER ORDERED THAT** the Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is directed to serve a copy of this order upon E*Trade and any other entity or individual that the Federal Bureau of Investigation deems should receive this Temporary Restraining Order in order to achieve restraint of the assets.

   **IT IS FURTHER ORDERED THAT**, pursuant to 21 U.S.C. § 853(e)(2) and 18 U.S.C. § 983(j)(3), absent an order extending this Temporary Restraining Order, this Temporary Restraining Order shall expire fourteen days after the date that it is entered.

**IT IS FURTHER ORDERED THAT,** this Temporary Restraining Order and the Application and Affidavit shall remain sealed, except to the extent that the Federal Bureau of Investigation may serve this Temporary Restraining Order as set forth herein.

ORDERED this 5th day of August, 2015.

DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE

2